Vineet Bhatia
David Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana St. 5100
Houston, Texas 77002
Telephone: 713-653-7855
Facsimile: 713-654-3344

Proposed Attorneys for Lyondell Chemical Company, et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **LYONDELL CHEMICAL COMPANY, et al.,** | : | **Case No. 09-10023(REG)** |
| | : | |
| Debtors. | : | **Jointly Administered** |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| **LYONDELL CHEMICAL COMPANY, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | **Adv. Proc. No. 09-[_____]** |
| | : | |
| **CENTERPOINT ENERGY SERVICES INC.; COKINOS NATURAL GAS COMPANY; CONOCOPHILLIPS COMPANY; THE DOW CHEMICAL COMPANY; MARATHON PETROLEUM COMPANY; NALCO COMPANY; SARACEN ENERGY PARTNERS; SUNCOR ENERGY MARKETING INC.; WACHOVIA BANK, N.A.,** | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

**DEBTORS' MOTION FOR (I) A PRELIMINARY INJUNCTION AND A
TEMPORARY RESTRAINING ORDER PURSUANT TO 11 U.S.C. § 105,
RULE 65 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND
RULES 7001(7) AND 7065 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, AND/OR (II) EXTENDING THE AUTOMATIC
<u>STAY PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE</u>**

Lyondell Chemical Company ("<u>Lyondell Chemical</u>") and certain of its

subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned chapter

11 cases and as plaintiffs in the above-captioned adversary proceeding (collectively, the "Debtors" and each, a "Debtor"),[1] respectfully represent as follows:

## Background

**The Debtors and Their Integrated Global Enterprise**

1. On January 6, 2009, the Debtors commenced these cases under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered under Case No. 09-10023 pursuant to Bankruptcy Rule 1015. A statutory creditors' committee has been appointed in the chapter 11 cases; however, no trustee or examiner has been appointed in the chapter 11 cases.

2. The Debtors and their numerous non-debtor affiliates comprise an integrated global enterprise (the "Company") that is among the world's largest refiners of heavy high-sulfur crude oil and producers of petrochemicals and plastics. As of September 30, 2008, 59% of the Company's revenue was attributable to North American operations (essentially, the Debtors) and 37% to European operations (essentially, non-debtor affiliates of the Debtors). Because the Company is an integrated global operation, its U.S. and European divisions enhance each other's value substantially, and have high value synergies. Cash is frequently transferred back and forth in the ordinary course of operations between U.S. and Europe.

3. The Debtors have sought protection under chapter 11 to provide them with the opportunity and the tools to restructure both their operations and their balance sheets and emerge from chapter 11 better equipped to survive in the current economic environment. Among

---

[1] A list setting forth each of the Debtors is attached hereto as Schedule 1.

USActive 14939729.4    2

the most critical factors supporting the Debtors' restructuring effort is the orderly continuation of the Company's operations in Europe and elsewhere.

4. The Debtors have secured postpetition financing in excess of $8 billion (the "DIP Financing"), which was approved on an interim basis at the "first day" hearing. A portion of the DIP Financing is used to fund the Debtors' non-debtor European affiliates.

**The Debtors' Transactions and LBI's Guaranties**

5. LBI entered into prepetition guaranty agreements (the "Guaranty Agreements") in connection with various commercial and financial transactions of certain of the Debtors, in favor of the above-captioned defendants (the "Defendants"). Each of the Defendants has made a demand against LBI under the applicable Guaranty Agreement, in the aggregate amount exceeding $131 million. The details of the Guaranty Agreements, their underlying transactions, and the resulting Guaranty Claims are set forth in the accompanying memorandum of law (the "Memorandum") in support of this motion (the "Motion").

6. LBI also has issued additional guaranties for the benefit of the Debtors, favoring various other creditors that have not yet made a demand for payment.

**Procedural Setting**

7. In connection with the filing of this Motion, the Debtors commenced an adversary proceeding by filing a complaint (the "Complaint") against the Defendants. The Complaint seeks an order (i) pursuant to section 105 of the Bankruptcy Code, rule 65 of the Federal Rules of Civil Procedure, made applicable hereto by rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Bankruptcy Rule 7001(7) enjoining until confirmation of a plan of reorganization in these cases the defendant parties hereto, all other persons or entities acting in concert with any of them, and any other creditors of the Debtors from pursuing remedies against non-debtor LyondellBasell Industries AF S.C.A. and its non-debtor affiliates (together, "LBIAF") on account of any guaranty or similar assurance of

performance by LBIAF of obligations of any of the Debtors (the "Guaranty Claims"); and/or (ii) extending the automatic stay pursuant to section 362 of the Bankruptcy Code to stay any actions by the Defendants or any other creditor of one or more of the Debtors against LBIAF based on the Guaranty Claims.

## Jurisdiction And Venue

8.  This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (G) and (O). The statutory predicates for the Motion are sections 105(a) and 362(a) of the Bankruptcy Code. Venue in this District is proper pursuant to 28 U.S.C. § 1409.

## Relief Requested

9.  While commencement of the Debtors' chapter 11 cases has resulted in the automatic stay of collection actions and similar conduct against the Debtors, the Defendants may attempt to exercise remedies against LBI as guarantor of the Debtors' obligations under the Agreements, including but not limited to filing an involuntary insolvency proceeding against LBIAF.

10. By this Motion, the Debtors seek (1) a preliminary injunction staying, restraining and enjoining the Defendants, all other persons or entities acting in concert with any of them, and any other creditor of the Debtors from attempting to exercise remedies against LBIAF with respect to the Guaranty Claims; and (2) a temporary restraining order pending a hearing and ruling on the Debtors' request for a preliminary injunction.

11. As set forth in the accompanying Memorandum, the relief requested is critical to the ability of the Debtors and their non-debtor affiliates to preserve their assets, liquidity, and going concern value at this early stage of the Debtors' chapter 11 cases, for the benefit of all creditors.

**Notice**

12. No trustee or examiner has been appointed in these cases. Notice of this Motion is being given (i) to those parties in accordance with this Court's Order Establishing Notice Procedures and a Master Service List, dated as of January 7, 2009; and (ii) telephonically, to the known Defendants. In light of the relief requested, the Debtors submit that no other or further notice need be provided or is possible.

## No Prior Application

13. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an order granting a preliminary injunction staying, restraining and enjoining the Defendants, all other persons or entities acting in concert with any of them, and any other creditor of the Debtors from attempting to exercise remedies against LBIAF with respect to the Guaranties; (ii) granting a temporary restraining order, substantially in the form attached as Exhibit A, pending a hearing on the Motion for a preliminary injunction; and (iii) granting the Debtors such other and further relief as is just.

Dated: New York, New York
February 6, 2009

SUSMAN GODFREY LLP

*/s/ Vineet Bhatia*
Vineet Bhatia
David Peterson
SUSMAN GODFREY L.L.P.
1000 Louisiana St. 5100
Houston, Texas 77002
Telephone: 713-653-7855
Facsimile: 713-654-3344
vbhatia@susmangodfrey.com
david.peterson@susmangodfrey.com

Proposed Attorneys for
Lyondell Chemical Company, et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| LYONDELL CHEMICAL COMPANY, et al., | : Case No. 08-10023(REG) |
| | : |
| Debtors. | : Jointly Administered |

------------------------------------------------------------------x
| | |
|---|---|
| | : |
| LYONDELL CHEMICAL COMPANY, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Adv. Proc. No. 08-[_____] |
| | : |
| CENTERPOINT ENERGY SERVICES INC.; COKINOS NATURAL GAS COMPANY; CONOCOPHILLIPS COMPANY; THE DOW CHEMICAL COMPANY; MARATHON PETROLEUM COMPANY; NALCO COMPANY; SARACEN ENERGY PARTNERS; SUNCOR ENERGY MARKETING INC.; WACHOVIA BANK, N.A., | : : : : : : : |
| | : |
| Defendants. | : |

------------------------------------------------------------------x

**TEMPORARY RESTRAINING ORDER**

Upon consideration of the motion (the "Motion") of Lyondell Chemical Company and certain of its subsidiaries and affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases and plaintiffs in this adversary proceeding (collectively, the "Debtors"), for entry of an order pursuant to sections 105(a) and 362(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), rule 7001(7) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 65 of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7065, granting the Debtors: (i) a preliminary injunction enjoining the Defendants named above, all other persons or entities acting in concert with any of them, and any other creditor of the Debtors from attempting to exercise remedies against LyondellBasell Industries AF S.C.A. and any of its non-debtor affiliates (the

"Non-Debtor Affiliates") with respect to claims arising from LBI's guaranty of certain payment obligations of certain of the Debtors ("Guaranty Claims"); and (ii) a temporary restraining order ("TRO") pending a hearing and ruling on the Debtors' request for a preliminary injunction; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and no other or further notice of the Motion being necessary; and the relief requested being in the best interest of the Debtors and their estates and creditors; and the Court having considered and reviewed (i) the complaint for injunctive relief (the "Complaint"), (ii) the Motion, and (iii) the memorandum of law in support of the Motion (the "Memorandum"); and the Court having determined that the legal and factual bases set forth in the Motion and Memorandum and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, this Court makes the following findings and conclusions of law:

1. The Debtors are likely to prevail on the Motion to obtain injunctive relief against the Defendants;

2. Denial of the TRO would cause immediate and irreparable injury to the Debtors' estates inasmuch as disruption of the Debtors' administration of these chapter 11 cases and the ensuing harm to the liquidity of the Debtors and their non-debtor affiliates pursuant to the terms of the Debtors' postpetition financing will impair the Debtors' ability to reorganize;

3. The issuance of a TRO will maximize the value of the Debtors' estates and is in the best interests of the Debtors, their estates and their creditors;

4. The Defendants will not be harmed by the issuance of a TRO;

5. The Debtors have attempted to provide, where possible, limited notice of the hearing and the motion for a TRO to counsel of record for the Defendants via telephone; and

6. The legal and factual bases set forth in the Complaint, the Motion and the Memorandum establish just cause for the relief granted herein.

**NOW, THEREFORE**, based on the foregoing and for other good and sufficient cause, it is hereby

**ORDERED** that the Motion is granted as to the request for the TRO pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules; and it is further

**ORDERED** that, pending a hearing and determination of the Debtors' request for a preliminary injunction, effective immediately and subject to the terms hereof, any creditor of the Debtors holding a guaranty executed by the Non-Debtors Affiliates, including the Defendants and their agents, attorneys and all persons in active concert or participation with them, directly and indirectly, are hereby stayed, restrained and enjoined from (i) taking any action to obtain possession of or to exercise control over property, or the proceeds of property, of Non-Debtor Affiliates; (ii) taking any action to create, perfect or enforce any lien against Non-Debtors Affiliates or their property, or the proceeds of such property; (iii) commencing or continuing any action or legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), including by way of counterclaim, against Non-Debtor Affiliates, or any of their property, or the proceeds of such property, including, without limitation, the commencement of insolvency or similar proceedings against Non-Debtor Affiliates in any jurisdiction whatsoever; and (iv) enforcing any judicial,

quasi-judicial, administrative or regulatory judgment, assessment or order against Non-Debtor Affiliates, and commencing or continuing any act or action or other legal proceeding (including, without limitation, any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim against Non-Debtor Affiliates or their property, or the proceeds of such property, or any action to commence insolvency or similar proceedings against Non-Debtor Affiliates in any jurisdiction whatsoever, in an effort to enforce a guaranty of a Debtors' debts; and it is further

**ORDERED** that pursuant to Bankruptcy Rule 7065, the Debtors are relieved from posting any security pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Court will conduct a hearing (the "<u>Hearing</u>") on the Debtors' request for a preliminary injunction on [_____, 2009 at ____ (prevailing Eastern time)]; and it is further

**ORDERED** that entry of this Order shall be without prejudice to any creditor or party in interest to seek relief from its terms; and it is further

**ORDERED** that notice of this Order shall be served by overnight mail, postage prepaid, on or before February [__], 2009, upon all known parties who are directly affected by this Order, or their counsel, including counsel of record for the Defendants, by sending a copy of this Order with instructions that the Motion, supporting documents and other pleadings related thereto can be obtained on the Bankruptcy Court's website at *www.nysb.uscourts.gov* by registered users of the Bankruptcy Court's case filing system, and from Debtors' noticing agent in these cases, at [*www._____*]; and it is further

**ORDERED** that service of the Motion as provided therein, including service upon counsel of record for the Defendants, shall be deemed good and sufficient notice of such Motion, and service of this Order in accordance herewith shall be deemed good and sufficient service and adequate notice for all purposes; and it is further

**ORDERED** that this TRO shall remain in effect through and including February [__], 2009, and no longer than ten (10) days from the date of the entry of this TRO, subject to any further order at the Hearing and the Debtors' rights to request an extension or other modification of this TRO; and it is further

**ORDERED** that objections, if any, to the Debtors' requested for a preliminary injunction shall be set forth in a writing describing the basis therefor which shall be filed with the Court electronically in accordance with General Order M-242 (N.B. General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at the Bankruptcy Court's website at *www.nysb.uscourts.gov*) by registered users of the Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242 or otherwise so as to be actually received no later than 12:00 p.m. (prevailing Eastern Time) on February [__]. 2009 by (i) Susman Godfrey LLP, Attorneys for the Debtors, 654 Madison Avenue, 5th Floor, New York, New York 10065 (Attn: Vineet Bhatia, Esq.); (ii) Cadwalader, Wickersham & Taft LLP, Attorneys for the Debtors, One World Financial Center, New York, New York 10281 (Attn: George A. Davis Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, New York, New York 10004 (Attn: Paul Schwartzberg, Esq.); (iv) Davis, Polk & Wardwell, attorneys for the agents for the Debtors' postpetition credit facilities, 450 Lexington Avenue, New York, New York 10017 (Attn:

Marshall S. Huebner, Esq. and Timothy E. Graulich, Esq.); (v) Simpson Thacher & Bartlett LLP, attorneys for UBS AG, Stamford Branch, as Term DIP Agent, 425 Lexington Avenue, New York, New York, 10017 (Attn: Kathrine A. McLendon and Anne L. Knight); (vi) Brown Rudnick LLP, proposed attorneys for the Official Committee of Unsecured Creditors, Seven Times Square, New York, New York 10036 (Attn: Edward S. Weisfelner, Esq.) and Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attn: Steven D. Pohl, Esq.); and (vii) Mayer Brown LLP, attorneys for the agents for the Debtors' postpetition credit facilities, 1675 Broadway, New York, New York 10019 (Attn: Brian Trust, Esq.); and it is further

**ORDERED** that this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this TRO.

Dated: New York, New York
_____, 2009

_____
UNITED STATES BANKRUPTCY JUDGE